KeNT, Ch. J.,
delivered the opinion of the court. This case presents two questions: First, whether the usual and due means have been taken to fix the defendants as endorser of the note ? Secondly, if not, then, whether the circumstances of the case rendered those means unnecessary ? Generally, to fix an endorser, the holder must demand, or use due diligence to get, payment of the maker when the note becomes payable; and, on his default, he must use due diligence in giving notice thereof to the endorser. The demand of payment from the drawer must be made on the third day of grace, and within a reasonable time before the expiratioir of the day. Bayley, 59, 67; Chitty, 148; 2 H. Black. 336, 337. If the third day be Sunday, demand must be made on the second day. This was the established usage as early as the time of Lord Holt, *344 in tbe case of foreign bills, and it bas since been extended equally to inland bills and notes of band; for inland bills and notes are .payable at the same time as foreign bills,^and there is no material difference between them. Tassel and Lee v. Lewis 1 Ld. Raym. 743; Chitty, 141; Bayley, 66, and Marius, cited by both. See also what Lord Kenyon says in 4 D. & E. 152. In the present case, then, there was wanting due diligence in presenting the note to the maker for payment, and no reason is given why the demand was postponed from Saturday till Monday. If the demand had been duly made on Saturday, the notice to the endorser would have been sufficient On the following day; or, in this instance, on the Monday. Bayley, 76; Chitty, 153. W. & L. Titus v. Bowne, July term, 1798. But here the notice was given even prior to the demand upon the drawer, and was consequently null, as the drawer was not in default when the notice was given. From the reason, then, that the demand was not made on Saturday, and that the notice was prior in point of time to a default in the drawer, the requisite steps were not taken to charge the endorser, and he has a strict right to avail himself of the laches of the holder in his discharge, unless there be some peculiar circumstances in this case to take it out of the general rule. It has been laid down by the court of C. B. in the case of De Berdt v. Atkinson, 2 H. Black. 336(a) that the payee of a promissory note endorsing it to give it currency, and, knowing of the insolvency of the maker at the *time of such endorsement, cannot insist on the want of demand and notice, because he was not an endorser in the common course of business, and cannot be affected by the want of notice. The same point was afterwards ruled by Buller, J. at nisiprius, 1 Esp. Rep. 303. But within two years subsequent to the *345 first decision, tbe same court of C. B. decided directly tha contrary in tbe case of Nicholson v. Gouthit, 2 H. Black. 609. We tbink tbe reasoning in tbe last decision tbe best and ought to be followed,(a) When a person signs a note in tbe character of endorser, tbe presumption is, that be is to receive all tbe privileges of that character. If be meant to be absolutely bound as a co-debtor, be would have signed tbe note jointly with tbe drawer, or this meaning would have been in some other way declared. An endorsement for the credit of tbe drawer, and without receiving value, is not unusual in tbe ordinary course- of business, but it would be inconvenient and injurious to dispense with tbe settled rule of tbe previous demand and notice in all such cases. It is, no doubt, tbe general understanding of tbe parties when negotiable paper is endorsed, that tbe legal consequences shall attach to that endorsement. There is no imputation of fraud or want of faith in this case. It is not analogous to the case of a drawer of a bill, drawing without funds to uphold bis draft, and who is properly chargeable without notice. We are therefore of opinion, that judgment ought to be entered for the defendant.
Judgment for tbe defendant.

 On the authority of this ease Lord Ellenborough ruled, that notice to a payee of a bill, endorsing with a knowledge that the drawer had no funds in the drawee’s bands, was unnecessary. Sisson v. Tomlinson, Selwyn’s N. P. 29, (n.)

 Perhaps the two cases may ho reconciled by considering that in thd first the endorsement was on mere accommodation paper to raise money, that in the latter the endorsement was by way of security.