Sedgwick, J.,
pronounced the judgment of the Court. By the bill of exceptions in this case, it appears that the plaintiff below, to rebut the charge of loches, insisted that it was not incumbent on him, either to demand payment of the maker of the note, or to give notice of non-payment to the endorser, if the jury should be satisfied that the maker of the note was notoriously insolvent, as * well at the time of the assignment of the note, as at the time it fell due. This was the question raised by the counsel, and which should have been resolved by the court. But instead of instructing the jury upon that question, the direction of the court was, “ that if the jury should be fully satisfied by the evidence that Ruggles,” the maker of the note, “ at the time ivhen the note fell due, was insolvent, and that no estate of his could then be found to be attached, in such case it was not necessary for the plaintiff to prove a demand on the promisor, nor notice to the defendant, the endorser, before the commencement of the suit; and that if the evidence satisfied the jury of the insolvencj of Ruggles, when the note became due, they would find a verdict for the plaintiff.”
Now, we are all clearly of opinion, that this direction of the court below was incorrect; for, however reasonable it may be thought, that if one assigns a note of a man living in his neighborhood, notoriously insolvent at the time, and who continues so until and at the time it falls due, that he should not throw the loss of it on the assignee, because he fails to make a demand of payment of the promisor, which would probably be wholly unavailing; or because he fails to give notice to the assignor, which, if given, could be of no benefit to him; yet it cannot be reasonable to dispense with such demand and notice, in a case where the promisor becomes insolvent after the assignment, and continues so until and at the time it falls due; and more especially where, as in the case before us, if notice were seasonably given, the assignor might have arrested the body of the promisor; the opportunity for doing which was lost by the neglect of giving notice; and where, not long before, he had satisfied demands against him to a much larger amount than that in question
*189 We are all of opinion that the direction of the court below was erroneous. It follows that there must be a new trial; and let it be had at the bar of this Court, (a)

 [In Bond vs. Farnam, (5 Mass Rep. 170,) where the defendant, some time after endorsing certain notes, had taken an assignment of all the property of the maker as security for endorsements, but not sufficient to pay any part of the note whereon the suit was brought, the Court likened the case to that of a drawer having no effects in the hands of the drawee, and held that a 'demand on the maker, and notice to the endorser, were unnecessary, seemingly, on the ground that the endorser could not have been prejudiced for the *„ant of notice. This case seems to have been confirmed by the Court in Tower vs. Durell, (post, 332,) where, however, it was held that the endorser, taking an assignment of property after he supposed a demand had been made and notice given, was not liable, for want thereof. But in Sanford vs. Dillaway, (10 Mass. Rep. 52,) and Farnam vs. Fowle, (12 Mass. Rep. 89,) it was held that a demand and notice were necessary, notwithstanding the known insolvency of the maker before and at the time of the endorsement. — And see Smith vs. Beckett, 13 East, 187.—Mead vs. Small, 2 Greenl. 207. — Boston vs. Baker, 1 Serg. & Rawl. 334. — Ireland vs. Kipp, 11 Johns. 231. — In the case of Bond vs. Farnam, above cited, the defendant, on payment of the note, would have had a remedy for the amount against the maker, which seems to take the case out of the principle on which Bickerdicker vs. Ballman, (7 T. R. 713,) was decided, and to render notice necessary. — See Cony vs. Scott, 3 B. & A. 623.— Leach vs. Hewitt, 4 Taunt. 733.— Bayley on Bills, 248. — Ed.]