Per Curiam.

There have been contradictory opinions and decisions on the point brought before us in this case. We must [ * 54 ] settle it on the best principles that occur to us. * The endorser of a promissory note contracts that he will pay the contents, provided the maker does not pay it when regularly demanded of him, and seasonable notice of his refusal or neglect is given to the endorser. This demand and notice he has a right, in all cases, to insist upon; for this reason, that, upon payment by him, he may have his remedy over against the maker. And although the insolvency of the maker renders his remedy less valuable, it does not necessarily render it worthless. The holder of the note is bound by the rule. In the case at bar, the plaintiff has not complied with it; and for this cause he is not entitled to a recovery The verdict must therefore be set aside, and the plaintiff must be called. (a)

Plaintiff nonsuit.

*65 ADDITIONAL NOTE.
[Bank of U. S. vs. Weisiger, 2 Pet. 347. — Same vs. Tyler, 4 Pet. 366. — Jervey vs. Williams, 1 Bai. 453. — Johnson vs. Harth, Ibid. 482. — Allwood vs. Haseldon, 2 Bai. 457. — Brunson vs. Napier, 1 Yerg. 200, (overruling Stothart vs. Parker, 1 Term, 260.) - Randolph vs. Cook, 2 Port. 286.
But see Thompson vs. Armstrong, 1 Breeze, 23.—F. H.]

 [Farnam vs. Fowle, 12 Mass. Rep. 89. — Mead vs. Small, 2 Greenl. 207. — Ireland vs. Kipp, 11 Johns. 231. —Boston vs. Baker, 1 Serg. & Rawle, 334. — Smith vs. *65 Beckett, 13 East. 187.—But see Bond vs. Farnam, 5 Mass. Rep. 170. — Tower vs. Durell, 9 Mass. Rep. 332.— Crossen vs. Hutchinson, 9 Mass. Rep. 208. — Ed.]