## GROTON *vs.* DALLHEIM.

Though the payee of a promissory note indorsed it merely to give it currency, knowing, at the same time, the insolvency of the maker ; this, it seems, does not excuse the want of a demand, and notice to the indorser.

*Assumpsit* by the indorsee against the last indorser of a promissory note, made *Feb.* 23, 1828, payable in one year. This cause came up by exceptions to the opinion of *Smith J.* who had nonsuited the plaintiff in the court below.

It appeared from the exceptions that the note was presented to the maker for payment on the 23d or 24th of *February* 1829 ; but though all the parties dwelt in *Waldoborough,* no notice was given

to the indorser till *May* or *June* following; when the plaintiff after stating to him the demand and refusal, requested him to settle it, or pay the money he had advanced to him; to which the defendant replied that the maker would pay it, and he would risk it; or something to that effect. The note was negotiated to the plaintiff, for a loan of money, in *October* 1828. There was evidence showing that in *December* 1828, the maker was considered insolvent; but that in *February* following he deemed himself solvent, and actually paid some debts. A day or two after the service of the writ, the defendant told the officer he would come and settle the demand with the plaintiff, by giving his own note for the amount, saying he thought he could collect it of the maker.

*N. Groton*, for the plaintiff, relied on the insolvency of the maker as excusing the want of seasonable notice of the dishonor of the note; the insolvency, as he contended, being known to the indorser, whose engagement was therefore a simple and absolute promise to pay at the time. *Hopkins v. Liswell*, 12 *Mass.* 52.

*Reed*, for the defendant, cited 12 *Mass.* 89; *Crossen v. Hutchinson*, 9 *Mass.* 205.

MELLEN C. J. delivered the opinion of the Court.

The note in this case became due on the 23d day of *February* 1829. The evidence is that the demand was made on the maker of the note on that day, or the day following. As all the parties lived in the same town, the demand should have been made on the 23d. No reason appears that would justify the delay till the next day. The notice to the defendant was out of all time. It is said, however, that notice to him was unnecessary, inasmuch as the maker was insolvent at the maturity of the note. This does not appear; on that point the proof was contradictory. The maker testified that at that time he was able to pay all his debts. But if he was insolvent when the note became due, that circumstance would not dispense with the necesity of reasonable notice to the defendant, who is sued as indorser. *Bond v. Farnham*, 5 *Mass.* 170; *Crossen v. Hutchinson*, 9 *Mass.* 205; *Sanford v. Dillaway*, 10 *Mass.* 52; *Farnham v.*

*Fowle,* 12 *Mass.* 89. It is true it is laid down in *Chitty on bills* 151, that the payee of a promissory note, indorsing it to give it currency, and knowing of the insolvency of the maker at the time of such indorsement, cannot, in an action against him as indorser, insist on the want of notice. But in *Nicholson v. Gouthit,* 2 *H. Bl.* 609, and *Jackson v. Richards,* 2 *Caines* 343, a different doctrine seems to be recognized as the correct one. In this case, however, it is immaterial to inquire which is the better opinion; because the exceptions do not show that the defendant knew of the insolvency of the maker at the time of the indorsement, even if 'it then existed.

But it is further contended that the defendant promised, two or three days after the writ in this action was served, to pay the note, he knowing that he had not been notified in season. In the first place there is no proof that he made any such promise to the plaintiff; he was only conversing with the officer as to his intentions. Besides, if he had made such a promise to the plaintiff, it would not bind him, unless at the time he was informed of all the facts; and there is not the least evidence that he knew of the total uncertainty as to the time when the demand was made on the maker. If made on the 24th of *February,* then no liability existed on that ground, and so the promise was without consideration. The exceptions are overruled and the judgment of the court of Common Pleas confirmed.