Shaw, C. J.*
The court are of opinion that the direction of the court of common pleas was right, that the defendants were not liable as indorsers. The note was payable at the Phoenix Bank, and unless presentment and demand were made there, at the maturity of the note, the defendants, who were only conditionally liable, in case of its dishonor, were not bound. Woodbridge v. Brigham, 13 Mass. 556. This was admitted by the plaintiffs’ counsel to be the general rule; but he relied upon an exception, arising from the fact, that one of the promisors had formally called on the plaintiffs, and informed them that it would be useless to present the note at the bank, as they could not pay it. However this might affect the rights of the promi-sors, we think it did not alter the conditional obligation of the .ndorsers, and make them responsible without any presentment whatever. The authority mainly relied on for the plaintiffs is that of Whitwell v. Johnson, 17 Mass. 449. That case decides nothing more than this; that when a note is not in terms made payable at any place, if the promisor appoint a place at which demand may be made, a demand at such place, and neglect of payment, is a dishonor, upon which the indorser, having due notice, will be liable. The court, in giving their opinion in that case, state in terms, that if there had been no demand, the in-dorser would not be liable. The declarations of one of the makers, that if the note were sent to the bank, they could not *310 pay it, could be considered as nothing more than notice of the makers’ insolvency, which might or might not be true. But it has often been held that proof of the actual and notorious insolvency of the makers is not sufficient to charge the indorsers, without proof of presentment and demand. Sandford v. Dillaway, 10 Mass. 52. Bayley on Bills, (2d Amer. ed.) 240.

Exceptions overruled

Dewey, J. did not sit in this case