Judgment reversed.

Bronson, J. dissented.

---

The Cayuga County Bank vs. Warden and Griswold.

Due presentment for payment and notice of non-payment are conditions precedent to the liability of an endorser of a promissory note.

No precise form of words is necessary in giving notice. It is sufficient if the language used is such as to convey, either in express terms or by necessary implication, notice to the endorser of the identity of the note, and that payment, on due presentment, has been neglected or refused by the maker.

Where a notice misdescribes the note in some particular, it may be shown in aid of the defect that there was no other note in existence to which the description contained in the notice could be applied.

Cayuga County Bank *v.* Warden.

A notice of protest need not in terms state that a demand has been made upon the maker. It is sufficient if it state that the note has been protested for non-payment. The defendants were endorsers upon a note for $600, payable to their joint order at the plaintiffs' bank. The notices of protest were dated at the bank on the last day of grace, and were addressed to the defendants severally. They had the character and figures "$600" in the margin. In the body they ran thus: "Sir; take notice that S. Warden's note for *three hundred* dollars, payable at this bank, endorsed by you, was this evening protested for non-payment, and the holders look to you for the payment thereof." It was proved that there was no other note in the bank made by S. Warden and endorsed by the defendants. *Held,* that the notice was sufficient to charge the endorsers.

ERROR from the supreme court, where the action was assumpsit, tried at the Cayuga circuit before MAYNARD, J. in January, 1848. The plaintiffs claimed to recover the amount of a promissory note made by S. Warden and endorsed by the defendants, in these words:

"$600. Ninety days after date I promise to pay to the order of F. L. Griswold and E. A. Warden six hundred dollars for value received, at the Cayuga County Bank.

Auburn, N. Y. January 30, 1848.        S. WARDEN.

(Endorsed)      F. L. Griswold.

E. A. Warden."

The note at its maturity was in the plaintiffs' bank, and was protested for non-payment. A notice of protest was served on each of the defendants, addressed to them severally, and was in these words:

"600.        Cayuga County Bank, Auburn, May 3, 1845.

Sir: Take notice that S. Warden's note for *three hundred* dollars, payable at this bank, endorsed by you, was this evening protested for non-payment, and the holders look to you for the payment thereof.        Your obedient servant,

P. B. EATON, Notary Public."

It was proved, under objection by the defendant's counsel, that the above note was given in renewal for a balance of a previous note signed by S. Warden and endorsed by the defendants, due the 11th November, 1844; also that the note in question was the only note in the bank, made by S. Warden, and endorsed by the defendants.

Cayuga County Bank *v*, Warden.

The above facts appearing, it was insisted on the part of the defendants, that they were not properly charged as endorsers, and the following grounds were urged: 1. The notice of protest was not upon the note in question, but was a notice of protest of a note for $300. 2. The note in question is made payable to the order of the defendants jointly, and the notice of protest speaks only of an individual endorsement, and is ad dressed to the defendants severally. 3. The plaintiffs had no right to show that the defendants were not misled by the notice. 4. Even if the note had been correctly described in the notice, still such notice was defective in not stating that payment had been demanded and refused, and when the note was made, and when it became due and payable. MAYNARD, J. held that the notice was not sufficient to charge the defendants as endorsers, and that the plaintiffs could not recover. The plaintiffs excepted, and had a bill of exceptions duly signed and sealed, on which the supreme court sitting in the seventh district, gave judgment for the defendants.

*John Porter*, for the plaintiffs in error. The notice of protest served on the defendants was a sufficient notice to charge them as endorsers of the note in question; for it informed the defendants with all reasonable certainty, that this note for $600 had not been paid by the maker, and that the same had been demanded at the time and place of payment, and payment refused. (*Reedy* v. *Seixas,* 2 *John. Ca.* 337; *Bank of Rochester* v. *Gould,* 9 *Wend.* 279; *Bank of Alexandria* v. *Swan,* 9 *Peters,* 33; *Mills* v. *Bank of the U. S.* 11 *Wheat.* 431; *Remer* v. *Downer,* 23 *Wend.* 620; *Kilgore* v. *Bulkley,* 14 *Conn.* 362; *Crocker* v. *Getchell,* 10 *Shep.* 392; *Story on Prom. Notes,* § 349, 354.)

As no particular form of a notice of protest is prescribed by law, the object being merely to inform the endorser of the demand, and non-payment by the maker, and that he is held lia ble for the payment of the note, if the amount had been omitted it would still have been sufficient to identify the note and

charge the endorsers ; and therefore that portion of the notice may be rejected as superfluous. (*Reedy* v. *Seixas, supra.*)

It is not necessary to state in a notice of protest, either the date of the note, or the time when it became payable. In these respects the notice in this case is in the same form with that in general use by notaries, as is proved by the forms of notices given in decided cases. (*Remer* v. *Downer,* 23 *Wend.* 620 : *Bank of Rochester* v. *Gould,* 9 *id.* 279 ; *Edmonds* v. *Cates,* 2 *Lond. Jur.* 183 ; *Gurgeon* v. *Smith,* 2 *Nev. & Perry,* 303 : *Margeson* v. *Goble,* 2 *Chit. R.* 364 ; *Houlditch* v. *Cautty,* 6 *Scott,* 209.)

The statement in the notice served, that the note " was this evening protested for non-payment, and that the holders look to you for the payment thereof," and signed by a notary, is equivalent to saying that payment of the note had been demanded by him, and had been refused ; and necessarily implies that he had demanded payment of the note, according to its terms, and that payment had been refused. (*See cases last cited ; Chit. on Bills,* 10*th Am. ed.* 467, 8, 9, *and notes ; Mills* v. *Bank of U. S.* 11 *Wheat.* 431 ; *Story on Prom. Notes,* §§ 350, 351, 352, 354.)

The note is made payable to both the defendants, and is endorsed by them individually, and the notice correctly describes them as having endorsed individually ; the law only requiring that notice should be served upon both, as was done in this case. (*Sheperd* v. *Hawley,* 1 *Conn.* 368 ; *Willis* v. *Green,* 5 *Hill,* 232 ; *Story on Prom. Notes,* § 308 ; *Sayre* v. *Frick,* 7 *Watts & Serg.* 383.)

*W. T. Worden,* for the defendants in error, insisted that the notice of protest was not sufficient to charge the endorsers ; and cited *Remer* v. *Downer,* (23 *Wend.* 620 ;) *Ransom* v. *Mack,* (2 *Hill,* 587 ;) *Cayuga Co. Bank* v. *Dill,* (5 *id.* 403 ;) *Esdaile* v. *Sowerly,* (11 *East,* 114 ;) *Staples* v. *Okines,* (1 *Esp. R.* 332 ;) *Free* v. *Hawkins,* (8 *Taunt.* 92 ;) *Peeking* v. *Graham,* (1 *Cromp. & Mees.* 725 ;) *Clegg* v. *Cotton,* (3 *Bos & Pull.* 239 ;) *Predeaux* v. *Collier,* (3 *Starkie,* 57 ;) *Tindal*

v. *Brown,* (1 *T. R.* 167 ;) *Chit.. on Bills,* 527; *8th Lond. ed. ,*
*Thompson on Bills,* 506 ; *Bank of Chenango* v. *Root,* (4 *Cowen,*
126 ;) *Boulton* v. *Welsh,* (3 *Bing. N. Cases,* 688 ; 4 *id.* 411 ;)
*Messenger* v. *Southey,* (1 *Man. & Granger,* 76 ;) *Strange* v.
*Price,* (10 *Ad. & E.* 125 ;) *Hartley* v. *Case,* (4 *Barn. & Cress.*
408 ) 7 *Bing. Rep.* 530, 533 ; 2 *Hen. Black.* 609 ; *Furze* v.
*Sharwood,* (2 *Ad. & Ellis, N. S.* 388.)

JEWETT, Ch. J. There is no question but that due pre-
sentment for payment and notice of non-payment to the en-
dorsers of a promissory note, are conditions precedent to the
liability of the endorsers, and that the notice may be either
written or verbal. (*Cuyler* v. *Stevens,* 4 *Wend.* 566.) Such
presentment of the note in question was made and notice of
non-payment in the form shown by the evidence given. The
only material question then is, whether that notice is sufficient.
It is well settled that there is no precise form of words necessary
to be used in giving notice ; it is sufficient, if the language
used is such, as, in express terms or by necessary implication,
to convey notice to the endorsers of the identity of the note, and
that payment of it on due presentment has been neglected or
refused by the maker.

The fact which was necessary to be established by the plain-
tiff is, that the defendants had due notice of the dishonor of
the note in question. The notice, such as it is, was given at the
precise time and place required by law. The evidence shows
that this note was given for a balance due upon and in
renewal of a former note payable at the same bank on the 11th
of November, 1844, made by S. Warden and endorsed by the
defendants, to whose order it was made payable. But it is con-
tended that the notice merely informs the defendants of the
non-payment of a note drawn and endorsed respectively by the
defendants for $300, and not of a note for $600, endorsed by
the defendants *jointly.* Concede that such variance or mis-
description exists. It is well settled in accordance with good
sense, that an immaterial variance in the notice will not vitiate it.
The variance must be such as, that under the circumstances of the

case, the notice conveys no sufficient knowledge to the endorsers of the identity of the particular note which has been dishonored. (*Mills* v. *The Bank of the U. S.* 11 *Wheat.* 431; *Bank of Alexandria* v. *Swann,* 9 *Peters,* 33.)

Now having the accessary facts, namely, that this was the only note in this bank drawn by S. Warden and endorsed by the defendants, and the intimation conveyed by the figures " $600" upon the margin of the notice, who can doubt but that this notice conveyed to the minds of the defendants the information that this identical note had been dishonored, although it misdescribed the note as it respects the sum for which it was made in the body of it? The defendants knowing the facts stated, on the receipt of this notice could not, as it seems to me, fail to be apprized by it that this particular note had been dishonored. It was said on the argument, that the notice, to be effectual, must be perfect on its face, to carry the information to the endorser of the non-payment of the note, and that it could not be aided by accessary facts. The cases of *Shelton* v. *Braithwaite,* (7 *Mees. & Welsb.* 436,) and *Stockham* v. *Parr,* (11 *id.* 809,) are very much in point to show that a notice, defective on its face, may be aided by such facts, and that it is proper to consider them in deciding the question of the sufficiency of such notice.

It was also contended that the notice is fatally defective and insufficient to charge the defendants as endorsers of the note in question, on the ground that the notice describes the endorsement of the note as an *individual* and not a *joint* endorsement. The note is drawn payable " to the order of F. L. Griswold and E. A. Warden," and is endorsed by the payees respectively. In such case the law requires notice to be given to each of them, as notice to one will not, as it will in the case of partners, be deemed notice to the other. (*Willis* v. *Green,* 5 *Hill,* 232.)

The objection rests upon the ground of misdescription of the note in question; that the receipt of this notice did not and was not calculated to inform the defendants of the non-payment of this note; that to effect such object this notice should have described the note as having been endorsed by both defen-

dants. It seems to me that to hold in conformity with this objection would be to sacrifice substance to the merest technical formality; and that it is quite impossible not to see that under the circumstances of this case the notice fully informed the defendants that this particular note had been dishonored.

Another objection to the notice is that it does not state that payment of this note was ever *demanded* or that it was *refused*, nor *when* nor *where* such demand was made and payment refused. The notice is dated "Cayuga County Bank, Auburn, May 3, 1845," and states that S. Warden's note for $300, payable at this bank, endorsed, &c. "was this evening protested for non-payment, and the holders look to you for the payment thereof."

The case of *Mills* v. *The Bank of U. S.* (11 *Wheat.* 431,) shows that it need not be stated in the notice that a *demand* of payment was made; that it is sufficient to state the fact of non-payment of the note, which the notice in this case alleges, as it states that the note was protested for non-payment. Whether the demand was duly and regularly made is matter of evidence to be given at the trial; and to the same effect is the case of *Stocken* v. *Collins*, (9 *Carr. & Payne*, 653.) I am of opinion that the notice under the circumstances of this case was sufficient, and that the court below erred in its judgment; that the judgment should be reversed with a *venire de novo* by that court, and that the costs should abide the event.

Judgment reversed.