## BISHOP *vs.* BRADFORD.

1. In an action by the holder against the endorser of a note, not negotiable, the insolvency of the maker is not a sufficient excuse for failing to procure a return of no property on an execution against him.

Error to the Circuit Court of Coosa. Tried before the Hon. Geo. D. Shortridge.

This was an action by the plaintiff against the defendant in error as the endorser of a promissory note made by one John W. Bishop. The plaintiff sued the maker to the first court after the note fell due, and recovered judgment against him. Execution issued on this judgment, but was never returned by the sheriff, and the plaintiff neglected to sue out an alias until two years thereafter, when he did so, and procured a return of "no property." Upon this state of facts he obtained a judgment under the charge of the court against the defendant, which was reversed in this court and the cause remanded for further proceedings. The plaintiff, upon the return of the case to the Circuit Court amended his declaration, and set up as an excuse for his neglect to comply with the requirements of the statute, that the said maker was insolvent at the time of the rendition of the judgment, without any visible property, and that he has so continued ever since. The defendant demurred to the declaration as amended, and the court sustained the demurrer, which is the error now assigned.

White & Parsons, for plaintiff:

It is competent for an endorsee to give an excuse for failure to sue out an execution upon the judgment against the maker in an action against the endorser.—See this case, 14 Ala. Rep. 522; Bates v. Ryland, 6 ib. 668; 4 ib. 342.

The allegation of insolvency of the maker is sufficient.—Ivey v. Sanderson, 6 Porter, 429, also above cited case, 6 Ala. Rep. 688; Hall v. Chilton & McCampbell, 3 ib. 633; Hanna v. Pegg, 1 Blackf. 181; Bishop v. Yeazle, 6 ib. 127.

MORRIS & TAUL, for defendant:

The *insolvency* of the maker of a note is the very gist of the action—an assignee cannot recover against his assignor without proof of that fact—by what kind of evidence? By record evidence—the return of no property found by the proper officer. No other evidence is admissible.

Now, it is attempted to dispense with the record evidence required by law, and substitute other evidence, *aliunde*, not only to establish the insolvency, as a fact, necessary to be proved before the jury, but as an excuse for not furnishing the higher and better evidence required by law.

The law says to an assignee, who seeks to recover against his assignor, you must prove the *insolvency* of the maker of the note by issuing an execution and having it returned " no property found." But the assignee says, I am absolved from compliance with the law in this particular, because he was *insolvent*.

The insolvency of the maker of a note might just as well be set up as an *excuse* for not suing at all, as for not issuing an execution after judgment in proper time.

The decision in this case, at a former term of this court, admits that the assignee might have a sufficient excuse for not issuing an execution immediately after the obtention of the judgment, without saying what would be sufficient.

DARGAN, C. J.—When this cause was here at a previous term, we held that the indorsee of a note was required to use due diligence in order to fix the liability of the endorser, not only in commencing his suit and obtaining judgment, but also in issuing his execution and procuring the proper return to be made thereon by the sheriff; and that unreasonable delay in obtaining judgment, or negligence in prosecuting the suit, and procuring the return of no property, would discharge the endorser. The facts as they were then presented to us were, that judgment had been obtained in due time and the execution duly issued, which however, was never returned by the

sheriff, and the plaintiff permitted about two years to elapse before he procured an alias to be issued. We held this to be such negligence as discharged the endorser in the absence of all proof of any excuse for such neglect. The cause was remanded, and the declaration has been amended, by which the plaintiff avers, as an excuse for his neglect in procuring the return of no property, that at the time of the rendition of the judgment the maker of the note, John W. Bishop, was insolvent, and had no visible property out of which the money could have been made, and so continued insolvent up to the time the execution was returned. To this declaration there was a demurrer, which the court sustained. The question therefore presented is whether the insolvency of the maker of the note is a sufficient excuse for failing to have the execution returned no property, in due time after the rendition of the judgment against him.

By the statute law of this State, the endorsee of a note not payable in Bank must do three things before the liability of the endorser is fixed; he must sue the maker in the county of his residence to the first court to which the writ can properly be returnable, he must obtain judgment, and he must have execution returned, no property, by the sheriff. It is true, that an endorser may not be discharged although the holder may fail to perform one or all of these pre-requisites to his right of action, but then he must show a sufficient excuse for such omission. As soon, however, as a sufficient excuse is shown for not performing these pre-requisites to the liability of the endorser, he is absolutely bound and may be forthwith sued. But if the excuse be insufficient altogether to dispense with the performance of any one condition precedent to the liability of the endorser, delay or neglect in the performance of such condition precedent, by the holder, will discharge the endorser, unless he consent to such delay. The holder cannot be permitted to hold the endorser conditionally liable, longer than is necessary to fix his liability, unless the endorser consent thereto, or waive the want of due diligence. It is true that the liability of an endorser may continue conditional under our statutes for many years, as if the suit against the maker be continued from term to term, or if the sheriff shall fail for several terms to return the execution *no property*, in either

case, if the holder be not guilty of neglect, the endorser will continue liable. But when the failure to perform the condition precedent is attributable to the neglect of the holder, it must operate as a discharge of the endorser.

If insolvency will excuse neglect in procuring a return of *nulla bona* for several terms after it could have been done, it will be a sufficient excuse for not issuing an execution at all. We see no middle ground on which we can stand. The neglect must either discharge the endorser, or the excuse must be sufficient to render the performance of the condition precedent altogether unnecessary. If insolvency would excuse the failure to perform one of the pre-requisites, it would excuse the failure to perform all; for we cannot, by judicial construction of our statute, hold, that insolvency will excuse the neglect to procure a return of no property on the execution, but not the neglect of commencing suit and obtaining a judgment: yet it will scarcely be contended that insolvency alone will render all legal proceedings against the maker unnecessary. By the law merchant, the insolvency of the acceptor of a bill, or the maker of a promissory note, would not dispense with a demand of payment of the maker or acceptor, if it could be made—Story on Bills § 324, 9 Mass. 205; 10 Mass. 52; 16 Pick. 392; Ivey v. Hightower, 2 Porter, 308; and as insolvency was no excuse for altogether failing to make the demand, it could not be alleged in answer to negligence in making it, that is, if the demand of the insolvent was not made for several days after the note or bill fell due, and this resulted from the mere neglect of the holder, he could not allege by way of excuse, the insolvency of the acceptor or maker. We think we should be guided in the construction of our statute to some extent by the law merchant, that did not allow the holder to excuse laches or neglect on his part, without the consent of the endorser, but dispensed altogether with the performance of the conditions precedent to the liability of an endorser for a sufficient excuse. We therefore hold, that the insolvency of the maker of a note is not a sufficient excuse for failing to procure a return of no property on an execution, and consequently will not excuse laches and neglect on the part of the holder in procuring it to be done. The plaintiff in error could have issued another execution after the term to which the

first was returnable, and which was not returned—this he did not do, but permitted some fifteen or sixteen months to elapse before he issued an alias. If insolvency will excuse this neglect, and still permit the holder to perfect the return and hold the endorser liable, might not the plaintiff have failed for ten years to procure the return of no property and still hold the endorser liable? The recognition of such a prindiple we think is alike opposed to the law merchant, and to the spirit and intention of our statute.

We think the judgment of the Circuit Court was in strict conformity with the law, and must be affirmed.