Foot, J.
 


 (Dissenting.)
 
 — When this cause was before the court on the former occasion, the sufficiency of the notice of protest was passed upon, and is not now an open question ; still, as the counsel for the appellant, on the present argument, reviewed, with great zeal, ability and learning, the reasoning of the learned judge who delivered the opinion of the court on that occasion, it may be useful to mention my understanding of the true grounds of that decision. Assuming, as the learned judge rightly does, that it is the duty of the court, when the facts are undisputed, to determine the sufficiency of the notice, he proceeds to examine it, in connection with certain
 
 *32
 
 facts, which are termed accessory facts, and cop eludes that it is sufficient; and as the main reason of the- rule, which requires notice to the indorser; is the reception of information by him of the dishonor of the paper, that he may thereby take measures for his indemnity, the learned judge asks, in view of the contents of the notice and what are termed the accessory facts, “Who can doubt but that this notice conveyed to the minds of the defendants (appellants) the information that this identical note had been dishonored ?” Now, I do not understand by this remark, that the judge intended to adopt as a test of the sufficiency of a notice of protest, the 'question of fact, whether such notice does or does not, in every case, communicate the requisite information to the indorser; he evidently intended it to be, what it really is, a mere illustration of the justice of the principle of his decision * 32 I *w^en aPP^ed this case. And that principle a is as well established, and as frequently applied, as any other in the law. It is, that when a written instrument is to be construed, the court must take into consideration the accompanying facts and circumstances. In the present case, the true meaning of the written notice was to be ascertained; to perform that duty intelligently and justly, the court adverted, as by this rule of law it was clearly bound to do, to the accompanying facts and circumstances, called by the learned judge “accessory facts.”
 

 There is another question in this case, which has not been decided by this court. The action is
 
 assumpsit,
 
 by indorsee against indorsers, and the declaration contains the common money counts. The proof is full and clear, that the appellants never received from the' respondents any money for or by reason of the note in suit; and the presumption pf law arising from the note is fully rebutted. There has been some slight diversity of views respecting the rule, that the note is only
 
 primd facie
 
 evidence of money lent, or had and received, and may be
 
 *33
 
 rebutted by proof; but reason and authority decidedly support it. All the cases have been ably examined by Mr. Justice Gridley, in the late case of
 
 Balcom
 
 v.
 
 Woodruff (7
 
 Barb. 15-17), and it is unnecessary to go over the same ground. On the authorities referred to by him, in support of the rule, I consider it established law. The objection was seasonably and properly taken in the present case and overruled; on this ground, the judgment, in my opinion, should be reversed, and a new trial granted.
 

 McCoun, J., also dissented.
 

 Judgment affirmed.
 

 The following is the dissenting opinion of Judge Gray from the former judgment of this court, in 1 N. Y. 413. It is here presented, as a powerful argument on the other side of a question which must frequently be mooted.