KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.— January, 1882.

## SCHUMAKER v. QUARITIUS.

*In the matter of the judicial settlement of the account of* CHRISTIAN QUARITIUS, *executor, etc., of* HENRY SCHUMAKER, *deceased.*

Where the indorser of a promissory note appoints the holder his executor, and dies before its maturity, his estate is discharged from liability by the failure of the executor duly to present the note to the maker for payment.

APPLICATION by executor for the judicial settlement of his account. John and Henry Schumaker, infant sons of testator, appeared by guardian.

On the settlement, the executor sought to prove his claim against the estate on certain promissory notes held and owned by him, which were made by the testator's son-in-law, and indorsed by the testator. The testator

made his will appointing the holder of the notes his executor, and died before either of them became due. The executor neglected to present the notes for payment, to the maker, when they respectively became due.

D. B. AMES, *for executor.*

F. L. BACKUS, *special guardian for infants.*

THE SURROGATE.—As against the maker of a note, it is not necessary to present the note for payment when it becomes due, in order to hold him on it; it is his business to be ready to pay it at any time afterwards; but it is different with regard to the indorser.

In general terms, the contract of the indorser is that he will pay the note, *provided* it is not paid by the maker when duly presented for payment at maturity, and due and reasonable notice of such non-payment shall have been given to the indorser (*Story on Notes*, § 135). Due presentment of the note to the maker for payment at maturity is, therefore, a condition *precedent* to the liability of the indorser (Cayuga Co. Bank *v.* Warden, 1 *N. Y.*, 413, 417); and the insolvency of the maker will not dispense with its performance (*Story on Notes*, §§ 203, 252; Jackson *v.* Richards, 2 *Caines*, 343; Mechanics' Bank *v.* Griswold, 7 *Wend.*, 165, 169).

To this general rule there are exceptions, which it is not necessary to notice here, as they have no application to this case. The notes in question, not having been presented for payment to the maker when they respectively matured, the executor has no claim on them against the estate of his testator.

Ordered accordingly.