# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## July, 1894.

WILLIAM N. DYKMAN, as Receiver of the Commercial Bank, Respondent, *v.* WILLIAM J. NORTHBRIDGE, Appellant, Impleaded with Another.

*A bank, the holder for value of a note made by its cashier — books of the bank, when inadmissible in evidence.*

A bank cannot become the holder for value of a note made by its cashier by crediting the amount thereof to the cashier, unless he receives the money as an individual and not as cashier, as otherwise the bank parts with nothing as a consideration for the note.

Where the entries in the books of a bank were not made by the persons having knowledge of the transactions which they purport to record, and the inference drawn from them is all based upon the assumption that a check found upon the desk of the paying teller had been paid by the bank, a trial court cannot assume that fact in the absence of competent proof thereof, and the books of the bank are inadmissible in evidence as proof of such payment.

APPEAL by the defendant, William J. Northbridge, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 27th day of February, 1894, upon the decision of the court rendered after a trial at the Kings County Special Term.

*Thornton, Earl & Keindal,* for the appellant.

*James C. Bergen,* for the respondent.

BROWN, P. J.:

This action is upon a promissory note, dated May 10, 1893, made by John J. Vail to the order of appellant, payable three months

after date at the Commercial Bank. Vail was the cashier of the bank, and the court found that the appellant indorsed the note at his request and for his accommodation.

Under the pleadings it was essential to the plaintiff's recovery that he should prove that the bank was a holder for value, and this he attempted to do by the production of the bank's books and reading in evidence various entries in reference to the note. But no witness was produced to give testimony as to the transaction by which the bank acquired the note, although there is no reason apparent why the evidence of the cashier or paying teller, who would appear to have knowledge of the matter, was not taken. By appropriate entries read from the discount book it appeared that the note had been discounted by the bank and its proceeds credited to the cashier's account. But obviously that was not sufficient to give to the bank the character of a holder for value. The cashier's relation to the bank was such that money credited to an account kept in the name of his official title must be deemed to be in the possession of the bank. The plaintiff then produced a cashier's check for the amount of the proceeds of the note, signed by Vail, and payable to himself individually, also the check book containing the stub from which the check was torn, and read in evidence, against the defendant's objection and exception, from a book of paid checks an entry of the payment of the check, and from the ledger an entry charging such check to the cashier's account. The clerk who made these entries testified that he had no knowledge of the transaction, and that he made the entries in the books from the checks taken from the paying teller's desk. No other testimony was offered, and upon these facts the court found the check was paid.

The bank could not become a holder for value of the note by crediting its amount to the cashier. Unless he received the money as an individual, and not as cashier, the bank parted with nothing as a consideration for the note. (*Central Nat. Bank* v. *Valentine*, 18 Hun, 417.)

The entries in the bank's books were not admissible as proof of payment, and the objection thereto was well taken. But the entries did not prove the fact of payment.

They were not made by persons having knowledge of the transactions which they purported to record, and the inference drawn

from them is all based upon the assumption that a check found upon the desk of the paying teller has been paid by the bank.

The court could not assume such a fact. If it had any relevancy to the case it was a matter to be established by competent proof.

The evidence is wholly insufficient to support the judgment, and it must be reversed and a new trial granted, with costs to abide the event.

DYKMAN and CULLEN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.