## DYKMAN v. NORTHRIDGE.

(Supreme Court, Appellate Division, Second Department. January 21, 1896.)

1. NEGOTIABLE INSTRUMENTS—INDORSEMENT—CONSIDERATION.
   The surrender of an existing valid note on which one was liable as indorser is a sufficient consideration to support his indorsement of a new note given in renewal of the first.
2. SAME—PRESENTMENT—PRESUMPTION OF.
   A note made payable at the bank to which it is given, and which remains there, is presumed to have been presented for payment when due.
3. SAME—PROTEST—BY MAKER AS NOTARY.
   The cashier of a bank, who is also principal maker of a note owned by the bank, may legally protest the same as a notary public.

Appeal from circuit court, Kings county.

Action by William N. Dykman, as receiver, against William J. Northridge. A judgment was rendered for plaintiff on a verdict of the jury, directed by the court, and the defendant appeals. Affirmed.

Argued before BROWN, P. J., and BARTLETT and HATCH, JJ.

Thornton, Earle & Kiendle, for appellant.

James C. Bergen, for respondent.

HATCH, J. On a prior appeal to the general term a judgment recovered herein was reversed, upon the ground that it did not appear that the bank parted with value for the note, which its receiver seeks by this action to enforce, and that the entries in the books of the bank were not competent to establish such fact, such entries not being supported by the evidence of any witness having knowledge of the transaction. Dykman v. Northridge, 80 Hun, 258, 30 N. Y. Supp. 164. The present record is essentially different. It now appears, by the testimony of Vail, who was the cashier of the bank, that, some years prior to this transaction, he obtained from the bank a loan of about $4,000, for which he gave his promissory note, procuring an indorser thereon; that from time to time, as the note fell due, Vail renewed the same, making payments thereon. At some period between the giving of the first note and the one now in suit, the first indorser died, and Vail thereupon procured defendant to take his place as indorser. The present note is the last of a series of renewals. The transaction was this: The note in suit was drawn and indorsed by defendant. Vail drew a cashier's check for the amount of the present note, less the interest thereon, and paid $10 on the principal, and gave the new note, check, interest, and payment to the paying teller of the bank, and took from the bank the old note. This transaction was something more than mere credit entries in the books of the bank. It was possessed at the time of a valid and enforceable obligation against Vail and defendant, which it surrendered when the note in suit was given. It therefore parted with value for the present note; and, as against the maker and indorser, this was a sufficient consideration to create liability against them.

Defendant urges that there was no proof of presentment and demand of payment on the due day, or at the place where the note was payable. By the terms of the note it was payable at the bank. The

proof showed that it remained at the bank when it fell due, and it was not then paid.    It has been said, in answer to such a claim, that:

"Having been discounted.by the bank at whose counter it was payable, and belonging to the plaintiff, the law adjudged that payment of the note was then and there duly demanded, and, as the maker had no funds at the bank for its payment, that it thereby became dishonored." Bank v. Crittenden, 2 Thomp. & C. 121; Bank v. Hollister, 17 N. Y. 46.

It is further urged that there is no sufficient proof that the note was properly protested.    We see no reason why Vail, acting as agent for the bank, could not notify his indorser that he had not paid the note, or why, as a notary, he might not protest the same for nonpayment.    Certainly there was no person better posted as to the fact than he, and the act itself is not such as violated any obligation, or was inconsistent with his official duty as a notary.    Vail testifies that the note came into his hands for presentation for payment. This fixes the date when it was.    That he then protested it in the usual way, by mailing to defendant's address a notice stating that the note described was not paid, that it was presented for payment and payment refused, and protested for nonpayment.    This complied in all essential respects with the law, and constituted a sufficient notice to charge the indorser.    Bank v. Warden, 1 N. Y. 413; Bank v. Backus, 36 N. Y. 111.

We find no error in the record.    The judgment should therefore be affirmed, with costs.    All concur.