WILLIAM N. DYKMAN, as Receiver of THE COMMERCIAL BANK, Respondent, *v.* WILLIAM J. NORTHRIDGE, Appellant.

*Bills and notes — the surrender of a valid existing obligation makes one " a holder for value"— when a demand of payment is unnecessary — protest, by the holder's cashier, of a note made by the cashier.*

In an action brought by the receiver of a bank to recover upon a promissory note, one of the defenses interposed by the indorser was that the bank had not parted with value therefor. It appeared that the maker, the cashier of the bank, had some years before obtained a loan from the bank upon a note with an indorser, who after the note had been renewed from time to time died, and that subsequently the defendant became the indorser; that the note in suit was drawn, and was indorsed by the defendant ; that the maker drew a cashier's check for the amount of the note less the interest thereon, paid ten dollars upon the principal, gave the new note, check, interest and payment to the paying teller, and that thereupon the bank returned to him the old note indorsed by the defendant.

*Held,* that the surrender by the bank of an obligation, then valid against the maker and indorser of the new note, was a parting with value and constituted the bank a *bona fide* holder of the new note.

Where a note is held by a bank at which it is payable and is not paid when due, no presentment and demand of payment are necessary.

The cashier of a bank, although himself the maker of a note held by the bank, may act for it in protesting such note, and if notice of protest is duly sent by him as a notary to the indorser, the latter will be properly charged thereby.

Appeal by the defendant, William J. Northridge, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 31st day of January, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit.

*Thornton, Earle & Kiendl,* for the appellant.

*James C. Bergen,* for the respondent.

Hatch, J. :

On a prior appeal to the General Term a judgment recovered herein was reversed upon the ground that it did not appear that the bank parted with value for the note, which its receiver seeks by this action to enforce, and that the entries in the books of the bank were not competent to establish such fact, such entries not being supported by the evidence of any witness having knowledge of the transaction. (*Dykman* v. *Northbridge,* 80 Hun, 258.)

The present record is essentially different. It now appears by the testimony of Vail, who was the cashier of the bank, that some years prior to this transaction he obtained from the bank a loan of about $4,000, for which he gave his promissory note, procuring an indorser thereon ; that from time to time as the note fell due Vail procured the same to be renewed, making payments thereon. At some period between the giving of the first note and the one now in suit the first indorser died and Vail thereupon procured defendant to take his place as indorser. The present note is the last of a series of renewals. The transaction was this : The note in suit was drawn, and was indorsed by defendant. Thereupon Vail drew a cashier's check for the amount of the present note, less the interest thereon, and paid ten dollars on the principal, and gave the new note, check, interest and payment, to the paying teller of the bank and took from the bank the old note. This transaction was something more than mere credit entries in he books of the bank. The bank was possessed at the time of a valid and enforcible obligation against Vail and defendant, which it surrendered when the note in suit was given ; it,

therefore, parted with value for the present note, and, as against the maker and indorser, this was a sufficient consideration to create liability against them.

Defendant urges that there was no proof of presentment and demand of payment on the due day or at the place where the note was payable. By the terms of the note it was payable at the bank; the proof showed that it remained at the bank when it fell due and that it was not then paid. It has been said, in answer to such a claim, that "Having been discounted by the bank, at whose counter it was payable, and belonging to the plaintiff, the law adjudged that payment of the note was then and there duly demanded, and as the maker had no funds at the bank for its payment that it thereby became dishonored." (*First Nat. Bank of Groton* v. *Crittenden,* 2 T. & C. 121; *Bank of Syracuse* v. *Hollister,* 17 N. Y. 46.)

It is further urged that there is no sufficient proof that the note was properly protested. We see no reason why Vail, acting as agent for the bank, could not notify his indorser that he had not paid the note, or why as a notary he might not protest the same for non-payment. Certainly there was no person better posted as to the fact than he, and the act itself is not such as violated any obligation or was inconsistent with his official duty as a notary. Vail testifies that the note came into his hands for presentation for payment. This fixes the date when it was, that he then protested it in the usual way by mailing to defendant's address a notice stating that the note described had not been paid, that it had been presented for payment, and that payment had been refused, and the note protested for non-payment. This complied in all essential respects with the law, and constituted a sufficient notice to charge the indorser. (*Cayuga Co. Bank* v. *Warden,* 1 N. Y. 413; *Artisans' Bank* v. *Backus,* 36 id. 111.)

We find no error in the record. The judgment should, therefore, be affirmed, with costs.

All concurred, except CULLEN, J., not sitting.

Judgment affirmed, with costs.