### J. M. & F. CUYLER *vs.* J. STEVENS.

The holder of a dishonored note is excused from giving notice of non-payment to the endorser on the *fourth of July*.

Notice of non-payment need not be in writing; a *verbal* notice is sufficient.

ERROR from the Albany mayor's court. Stevens sued the Cuylers as the endorsers of a promissory note, made by one Squire, for $200, bearing date 1st April, 1828, and payable in ninety days. On the *third* day of July payment was demanded at the lodgings of the drawer in Troy, and at his dwelling house in Greenbush, where his family resided, and refused. On the *fourth* of July, about dusk in the evening, an agent of the plaintiff called at the store of the defendants, in the city of Albany, for the purpose of giving notice of non-payment, and found it shut. On the *fifth* of July the agent shewed the note to one of the defendants, and gave him verbal notice of the demand and non-payment, and informed him that the plaintiff looked to him for payment. The plaintiff resides at Greenbush, in the county of Rensselear, about one mile from the store of the defendants, and a daily mail passes from Greenbush to Albany.

The defendant's counsel insisted that the notice of the non-payment was insufficient, because *verbal* and not in writing, the parties residing in different counties; that if a verbal notice was good, it was not given in season: it should have been on the *third*, and, at farthest, on the *fourth* of July; and that the mere calling of the agent of the plaintiff at the store of the defendants and omitting to leave a notice was not enough to charge them. The recorder overruled these objections, and the jury, under his directions, found a verdict for the plaintiff, on which judgment was entered.

*A. Townsend*, for plaintiff in error.

*Dutcher & Harris*, for defendant.

*By the Court,* SUTHERLAND, J. The only question in this case is whether notice of the dishonor of the note by the maker was given in *due season* to the endorsers.

It is not necessary that notice of the dishonor of a bill or note should be in writing ; verbal notice is sufficient. (Chitty on Bills, 285. 1 Maule & Selw. 545.)

If the third day of grace fall on Sunday, or a great holiday, or a day of public rest, as Christmas, or Good Friday, in England, the demand must be made on the day preceding ; (1 Lord Raym. 743; 2 Caines' Rep. 343; 6 Wheat. 102 ;) and in *Lewis* v. *Burr,* (2 Caines' Cas. in Err. 195,) the *4th of July* was held to be a *public holiday,* and it was decided that a note or bill falling due on that day was payable on the *third* day of July. In *Linds* v. *Merworth,* (2 Camb. 602,) Lord Ellenborough held that a Jew was excused from giving notice on a great festival day, during which, according to their religion, it is unlawful for persons of that pursuasion to attend to any secular business. (See also 3 Kent's Comm. 70 to 75.) Where the demand is made on Saturday, notice on Monday is in time, although it may be given on the day of refusal. The holder is always entitled to one day after the dishonor of the note, for the purpose of giving notice. (Chitty on Bills, 285. 5 Cowen, 303. 1 Kent's Comm. 73, 4, notes.)

The reason in all these cases why a demand on the *second* day of grace is good, is, that the third day is, either by law or by general or universal custom, not a day of business ; and if it be not a day of business for the purpose of *demanding* or receiving payment of a note, I should apprehend the holder would also be excused from giving notice to the endorser on that day.

Judgment affirmed.