## WOODIN vs. FOSTER and WELLS.

The report of a referee is like the verdict of a jury, and must be destitute of any evidence to support it, in order to warrant the court in granting a new trial, upon the facts.

If there is any proof tending to show the facts in issue, it is not the duty of the court to set aside the report; though the evidence be, in its judgment, too slight to found a decision upon.

Where a note, payable at a particular place, is left at that place, the day before it falls due, and remains there till the day after it becomes due, on which day the maker admits that he has not paid the note, and he refuses to pay it, this is sufficient evidence of a presentment of the note on the day, and at the place, of payment.

Notice of non-payment of a note need not be in writing. A verbal notice is sufficient.

Where a witness testified that he informed the indorser that he had left the note at the place of payment mentioned therein; that the maker had not paid it; and that the holder would hold him (the indorser) liable as indorser; *Held* that this was a sufficient notice; it appearing from the conversation between the witness and the indorser that the latter well understood what note was referred to.

It is no defense to an action on a note payable in money, that the payee agreed, at the time of the making of the note, to receive his pay in real estate belonging to a daughter of the maker; where it appears that the payee did not agree to receive the land *in full satisfaction* of the note, and that the parties differed as to the sum at which it should be received.

THIS action was brought against the defendants as the maker and indorser of a promissory note, of which the following is a copy : "Ninety days after date I promise to pay to the order of William Foster, eighty-eight dollars and seventy-eight cents, value received, with interest from date, payable at the house of Cyrus Marble in the village of Cleveland. Wesley S. Wells. Cleveland, April 11, 1850." (Indorsed) William Foster.

The cause was referred to C. Comstock, Esq. as sole referee, to hear and decide the same.

The plaintiffs, on the trial, proved the handwriting of the defendant Wells as maker of the note, and of the defendant Foster as the indorser thereof. The summons and complaint had been served on both defendants, but Foster alone defended. The plaintiff then called William Sanders as a witness, who

testified as follows : "I left the note shown me, at the house of Cyrus Marble for payment, July 13, 1850. It was not paid. I called for it on the morning of the 15th, Monday. I then went to see Mr. Foster, showed him a letter—he took it and read it, I believe. The indorsement of Mr. Foster on the back, is defendant Foster's. Note dated April 11, 1850, made by Wesley S. Wells, payable to order of William Foster, at the house of Cyrus Marble in Cleveland, at 90 days, not on interest. I informed Mr. Foster I had left the note at Marble's and that Wells had not paid it, and that Mr. Woodin would hold him as indorser.—Mr. Foster said he should not pay it." On his cross-examination, this witness further testified as follows : "When Foster said he should not pay it, he gave as a reason that there was an understanding between him and Woodin that he should not be responsible." Objected to by plaintiff's counsel as not forming any defense. Admitted, reserving the question as to its effect. "I think he stated the circumstances : do not think I could state them, but may be able to state the substance. He said there was an arrangement that Wells should transfer some property, either real or personal, I do not recollect which, to Mr. Woodin; that Mr. Wells either had fulfilled or was willing to fulfill this agreement, I do not recollect which—that he indorsed under this understanding. Upon reflection I think it was real estate belonging to Wells' daughter Charlotte, that was to be transferred. I do not recollect that Foster said Wells was willing to fulfill. I got this understanding that the agreement had been executed, or he, Wells, was willing to do it. I left the note in Marble's hands personally, I think. I am not sure that I left it on Saturday. The note was there on Saturday, but am not sure but I left it the day before. My impression is that I left it either Saturday morning or Friday in the after part of the day. I have no doubt that it was in the house that I left it ; am quite confident I saw Mr. Marble on Friday and Saturday, both, at his house. We conversed about the note. I think I received the note from Mr. Marble. Saw it before, but did not take it away from Mr. Marble until Monday. Think he first handed it to me on Friday, may have

been Saturday morning, then I took it and counted the days when it fell due and left it with him.   I next saw Mr. Marble on Monday and called for the note."   The plaintiff here rested, and the counsel for the defendant Foster moved for a nonsuit, on the ground that there was not sufficient proof that the note was at the place of payment on the day it fell due.   Also on the ground that there was no proof of a demand of payment on that day, at the place of payment or elsewhere.   Also on the ground that no such notice of protest had been given as would fix the indorser.

The referee denied the motion for a nonsuit, and after some testimony had been given, tending to show that it was agreed between the plaintiff and Wells, at the time the note was given, that the former should receive in payment or part payment thereof, certain real estate belonging to the daughter of Wells, the referee decided that payment of the note was legally demanded, and notice of non-payment given to Foster; and that the facts proved by the defendant did not constitute a good defense.   He therefore reported in favor of the plaintiff, for the amount of the note, with interest.

*A. Bennett,* for the plaintiff.

*J. Brown,* for the defendant Foster.

*By the Court,* GRIDLEY J.   This suit was brought on a note, made by the defendant Wells and indorsed by the defendant Foster.   It was referred to Calvert Comstock Esq. a referee, to hear and decide.   The referee has made his report, and decided, 1. That the note was legally demanded; 2. That legal notice of non-payment was given to the defendant Foster, who thereby became fixed and liable as indorser; 3. That the facts proved by the defendant did not constitute a defense to the note.

The counsel for the defendant insists that there was *no proof* of a presentment of the note on the day and at the place of payment.   If there was any proof tending to show these facts it would not be the duty of the court to set aside the report;

Woodin v. Foster.

though the evidence might be in our judgment too slight to found a decision upon. The report is like the verdict of a jury, and must be destitute of any evidence to support it, to warrant the court in granting a new trial. But in this case the proof was entirely sufficient. The note was left at the place of payment the day before it fell due, and remained there, as is inferrible from the testimony of the witness, till the day after it fell due. This is sufficient, within the case of *Nichols* v. *Goldmsith*, (7 *Wend.* 160.) The next day the witness saw the maker and he admitted he had not paid the note, and he refused to pay it. The same remark applies to the notice of non-payment. It was verbal; and the witness says that he informed Foster that he had left the note at Marble's, (the place of payment,) and that Wells had not paid it, and that the plaintiff would hold him liable as indorser. Now the witness is giving a narrative of what he did in the way of giving notice, and though he speaks of "the note" instead of giving a description of the note, by date and amount, yet he was speaking of this particular note; and it is entirely clear from the conversation of the parties that Foster well understood that this note was referred to. This was enough, as it was a question of fact which the referee found in favor of the plaintiff. A verbal notice, communicated to the indorser, and which calls forth a conversation about the note in question, is very different from a written notice sent to him; where the written notice constitutes the only means which the party has, to inform the indorser of the particular note intended by it; and that is misdescribed. In this case there was no misleading of the indorser; and though informal, the notice was sufficient, and the referee was warranted in so finding. That a verbal notice was sufficient, see *Cuyler* v. *Stevens*, (4 *Wend.* 566.)

The facts attempted to be proved by the defendant were, that though the note was payable in money, the plaintiff agreed at the time of the making of the note, to receive his pay in the share or part of an inheritance in real estate, that belonged to one of the daughters of the maker of the note. Now in addition to the fact that this evidence was in direct contradiction of the tenor and face of the note, it appeared that the plaintiff

never agreed to receive this share *in full satisfaction* of the *note ;* and the parties differed as to the sum at which this interest in the inheritance should be received. The referee decided right on this point also.

A new trial must be refused.

[ONEIDA GENERAL TERM, January 3, 1853. *Gridley, Pratt, W. F. Allen* and *Hubbard,* Justices.]

