## STATE OF IOWA;

### DES MOINES, DECEMBER TERM, A. D. 1866.

IN THE TWENTY–THIRD YEAR OF THE STATE.

---

PRESENT:

Hon. RALPH P. LOWE, Chief Justice.
" JOHN F. DILLON, ⎫
" CHESTER C. COLE, ⎬ Judges.
' GEORGE G. WRIGHT, ⎭

---

WILGUS AND EWING v. GETTINGS AND GIDDINGS.

1. **Referee: FINDING IN ORDINARY AND EQUITABLE ACTIONS.** In ordinary actions the finding of a referee has the effect of a special verdict by a jury, and will be disregarded only where palpably against the weight of evidence; but in equitable actions triable by the first method, it is the duty of the court to adjudicate the case upon the evidence, and not alone upon a finding of facts made by the referee.

Vol. XXI.—23

2. Fixtures: IN EQUITY: LICENSE: NOTICE. Where trade fixtures were erected on real estate with an implied license from the owner, they will not in equity be treated as a part of the realty in the hands of a subsequent purchaser, who acquired his title with full knowledge of all the facts.

*Appeal from Marshall District Court.*

TUESDAY, OCTOBER 2.

THIS is an action in equity for the purpose of enjoining a suit at law, brought by the defendants against the plaintiffs for the recovery of certain property claimed as personal property. There was a temporary injunction granted upon the filing of the petition ; and it was, as to a part of the property, made perpetual on the final hearing. The further facts are stated in the opinion. The defendants appeal.

*L. W. Griswold* for the appellants.

*Boardman & Brown* for the appellees.

COLE, J.— The defendants in this action, had, prior to the commencement of this suit, brought their action of replevin to recover a slaughter-house, shed, pens, ropes, kettles and other appurtenances, alleging that they were the owners thereof, and that the same were personal property. The plaintiffs herein then brought this action to enjoin the execution of the writ of replevin in the action by those defendants against them. The injunction was granted temporarily, and the execution of the writ was enjoined after it had been partially executed by the delivery of the kettles, ropes and some other articles.

After the issues were made, the cause was, by agreement of parties, referred to a referee "to take testimony, and return his findings of fact thereon, to the judge of this court, as soon after taking

1. REFEREE: finding in ordinary and equitable actions.

the same as convenient;" and "shall report all the testimony so taken by him, and judgment to be rendered herein on the first day of the next term of the court." The referee took the testimony and reported it, together with his finding of facts, to the court. A question is made as to the effect of this finding of fact by the referee. In *ordinary* actions, such finding stands as, and has the effect of, a special verdict of a jury. Rev., § 3096. And, of course, can only be disregarded when a verdict of a jury could be; that is to say, when it is palpably against the weight of evidence. *Woodin* v. *Foster*, 16 Barb., 146, and other authorities cited in Howard's N. Y. Code, under section 272 also.

But this is an *equitable* action, triable by the first method, and in such case the court may either accept or reject the finding of the referee, and may, with or without a statement of any finding of fact, render such judgment as he considers equitable. Rev., §§ 2999, 3000. In this case, therefore, it was the duty of the District Court, and is alike our duty, to adjudicate the case upon the evidence, and not alone upon the finding of facts.

Without reviewing, in this opinion, at any considerable length, the evidence in the case, it may be briefly stated, 2. FIX-TURES: in equity: license: notice. that it satisfactorily establishes, that the defendants' vendors erected the slaughter-house, shed, pens, etc., with the knowledge and assent of the agent of the owner; that while it does not clearly appear that the agent had authority to authorize such erection, yet the owner afterward had knowledge of such assumed authority, and did not repudiate it, or notify the owners of the improvements of his dissent; but on the contrary, so conducted himself as to justify them in the belief that they were rightfully there as tenants at his will. Besides, the plaintiffs themselves were tenants of the slaughter-house and appurtenances under the defendants' vendor at

the time they purchased, and were cognizant of, and advised the purchase; they also proposed to rent the property of the defendants in case they did purchase, and were then fully advised of all the facts connected with the title to the land, and the erection of the property in controversy. After the defendants had purchased the improvements of plaintiffs' landlord, the plaintiffs, without surrendering to their landlord or his vendee, as if to gain a technically legal, but unconscionable advantage, purchased the real estate upon which the property was situated, and then claim that the improvements are a part of the real estate, and that they own the same by virtue of their purchase of the land itself. This claim they make, too, notwithstanding it is proved, beyond question, that their vendor did not profess to own the improvements, or to sell them to plaintiffs, and that they knew all the facts as to their erection, and that the defendants had bought and paid for them with their approval and advice.

We do not propose to enter the labyrinth of the law on the subject of fixtures, nor to seek to straighten or to reconcile the tortuous and conflicting decisions on that subject. But we place our decision of the cause upon the ground that the improvements or property in controversy were made and erected on the land, upon the faith of, at least, an implied license, given or sanctioned by the owner; and that the plaintiffs acquired their right to the land with a full and actual knowledge of such license. *Prince* v. *Case*, 10 Conn., 375; *Rerick* v. *Kern*, 14 Serg. & Rawle, 267; and same cases with the notes thereto and authorities cited in 2 Am. Lead Cas., 736 to 777, especially 746-7 and 8.

It will be remembered that this is a case in equity, in which the plaintiffs have assumed the burden of proving their paramount right and title to the property and

thereby procure a perpetual injunction against the defendants asserting their right at law. In our view the plaintiffs have failed to show such paramount legal right in themselves, and the whole case shows their claim to be wholly unfounded *ex æquo et bono.*

The judgment of the District Court is reversed, and the petition of the plaintiffs is dismissed absolutely.

Reversed.