## STRANAGHAN *vs.* YOUMANS.

The value of a pound sterling of Great Britain is four dollars and eighty-four cents of gold coin of the United States.

Current money of the State of New York is United States legal tender greenback notes, as well as gold and silver coin.

Notes issued by the United States, not being redeemed in gold coin; and gold coin being worth much more, in the State of New York, and in every part of the world, than such notes; such notes are not equal in value to money of Great Britain, although they are current money of New York, and in every part of the United States.

A covenant, in a lease, by the lessee, to pay yearly to the lessor, his heirs and assigns forever, the yearly rent of sixpence sterling for every acre of land "in current money of the State of New York, equal in value to money of Great Britain," is not one to pay rent in money generally; nor is it one that, by its terms, expressly binds the lessee, his heirs and assigns, to pay the rent in gold or silver coin; but is a covenant which, according to the decisions of the Supreme Court of the United States, in *Thebilcock* v. *Wilson* (12 *Wall.* 687,) and *Bronson* v. *Rodes*, (7 *id.* 229,) is not performed by a tender of the same number of dollars of the notes of the United States, which the rent amounts to in dollars, when reckoned at sixpence sterling for every acre of the leased premises.

The lessor, upon such a covenant, is bound to accept the notes of the United States, in payment for the rent; for the reason that by the laws of congress such notes are current money of this State. But if the rent is paid in such notes, the lessee must pay enough to make the number of dollars paid equal in value to the same number of dollars money of Great Britain; that being what the covenant binds him to do.

Upon such a covenant, the rent may be paid, dollar for dollar, in gold and silver coin of the United States, because such coin is current money of the State of New York.

ACTION to compel the defendant to satisfy and cancel two judgments the defendant owns, against the plaintiff. The judgments were recovered against the plaintiff in actions of ejectment for the recovery of the possession of land in the Kortright patent in Delaware county, for the non-payment of rent reserved in a perpetual lease made in the year 1801. In addition to the recovery of possession of the land, in the judgments damages and costs were also recovered. One of the judgments was recovered by the defendant in February, 1871. In that judgment the damages and costs were

$772.31. The other judgment was recovered in the same month and year by Eliza Cruger, in which judgment the damages and costs were $771.58. The defendant purchased and took an assignment of the last mentioned judgment.

The defendant was, before the commencement of this action, the owner of the entire interest of the original lessor of the lands recovered in and by said judgments. The plaintiff had the right, as tenant of said lands, under said lease, to redeem said lands by paying the damages and costs in said judgments, and by also paying all rent in arrear on said lease.

The only disputed question in the case is, whether the plaintiff could pay the rent in arrear in United States greenback legal tender notes at par, or must pay a greater sum, equal in value to money of Great Britain; or must pay the rent in gold coin.

*Gilbert & Maynard,* for the plaintiff.

*Defendant in person,* for himself.

BALCOM, J. The perpetual lease in question was made by John Kortright, now deceased, to William McAuley, on the 1st day of June, 1801.

I learn from the pleadings in the actions that there are 150 acres of the land; and that by the lease McAuley, his heirs and assigns agreed to pay, or cause to be paid, yearly and every year after the date of the lease, to John Kortright, his heirs and assigns forever, the yearly rent of sixpence sterling for every acre of said land, "in current money of the State of New York, equal in value to money of Great Britain."

Current money of the State of New York is United States legal tender greenback notes, as well as gold and silver coin.

It is asserted by *Edwards* and *Story* that a pound

sterling of Great Britain is four dollars and forty-four cents of gold coin of the United States. (*Edw. on Bills and Prom. Notes*, 726. *Story on Prom. Notes*, § 396, *5th ed.*) But according to the decision of the New York city Court of Common Pleas, in *McButt* v. *Hoge*, (2 *Hilt.* 81,) made in 1868, the value of a pound sterling in this State now is four dollars and eighty-four cents ($4.84) of the gold coin of the United States. (*See also DeRham* v. *Grove*, 18 *Abb.* 43.) I held the same, in a case at the New York city circuit, several years ago ; and my decision was subsequently affirmed at the General Term of this court in that city. And I hold, in this case, that the value of a pound sterling of Great Britain is four dollars and eighty-four cents ($4.84) of gold coin of the United States.

If the defendant is entitled to be paid the rent in question in money equal in value to gold coin of the United States, he should have for such rent $30 more, in greenback United States legal tender notes, than has been paid to him or been offered to him by the plaintiff. If, however, a greenback United States legal tender dollar note is to be regarded as equal in value to a gold dollar of the coin of the United States ; or if such a greenback dollar note is a legal tender for a dollar of the rent due the defendant on the lease in question ; then the defendant has been fully paid all the rent there was due him on such lease from the plaintiff at the time this action was commenced.

It is not disputed but that greenback United States notes are a lawful tender for the damages and costs included in the two judgments the defendant has against the plaintiff.

It is claimed by the plaintiff's counsel that bills issued by the Bank of England are a legal tender for debts in Great Britain, and that inasmuch as said notes of the United States are current money of this State, and a legal tender for all debts payable in money generally,

Stranaghan *v.* Youmans.

they are equal in value to money of Great Britain, and therefore are a good tender, at par, for the rent in question. But I cannot hold that proposition. The bills of the Bank of England are at par in the gold coin of Great Britain in that country, and are redeemable in gold on presentment at such bank. But notes of the United States are not redeemed in gold coin; and gold coin is worth much more in this State and in every part of the world than such notes. Such notes, therefore, are not equal in value to money of Great Britain, although they are current money of this State, and in every part of the United States.

It is true that a full bench of the Supreme Court of the United States have settled the question that the acts of congress, making the notes of the United States a legal tender for debts, are constitutional when applied to contracts made before their passage. (*See Legal Tender Cases*, 12 *Wall.* 457.) But the same court has held, in *Thebilcock v. Wilson*, (12 *id.* 687:) "Where a note is for dollars, payable by its terms, *in specie*, the terms, "in specie," are merely descriptive of the kind of dollars in which the note is payable, there being more than one kind of dollars current recognized by law; and mean that the designated number of dollars shall be paid in so many gold or silver dollars of coinage of the United States." Also that "the act [of congress] of February 25th, 1862, in declaring that the notes of the United States shall be lawful money and a legal tender for all debts, only applies to debts which are payable in money *generally*, and not to obligations payable in commodities or obligations of any other kind. This decision has not been overruled. It remains in full force, and is binding upon the courts of this State; and so is the decision of the same court in *Bronson* v. *Rodes*, (7 *Wall.* 229,) in which it was held that a bond given in 1851, payable in gold and silver coin, lawful money of

the United States, could not be discharged by a tender of United States greenback legal tender notes.

The covenant, in the lease in question, to pay rent, is not one to pay it in money generally ; nor is it one that, by its terms, expressly binds the lessee, his heirs and assigns to pay the rent in gold or silver coin. But I am of the opinion it is a covenant, which, according to the decisions in *Thebilcock* v. *Wilson* and *Bronson* v. *Rodes,* (*supra,*) is not performed by a tender of the same number of dollars of the notes of the United States, which the rent amounts to in dollars, when reckoned at sixpence sterling for every acre of the leased premises.

The covenant was intended to provide against loss by the lessor, his heirs or assigns, by any depreciation in the current money of this State below the value of money of Great Britain, by obligating the lessee, his heirs and assigns, to pay "the yearly rent of sixpence sterling for every acre of said land, in current money of the State of New York, *equal in value* to money of Great Britain."

The case, in my judgment, in one aspect, is not controlled by the legal tender acts of congress; but it falls within the principle of the decisions in *Thebilcock* v. *Wilson,* and *Bronson* v. *Rodes,* (*supra,*) so that the covenant in the lease for the payment of rent remains in full force.

The rent may be paid, dollar for dollar, in gold and silver coin of the United States, because such coin is current money of this State. It is true that such coin is adulterated, so that an ounce of it is not worth quite as much as an ounce of similar coin of Great Britain. But the difference in the value thereof is so trifling that it should be disregarded in the case, within the principle that the law does not regard trifles. And I am of the opinion that the defendant is bound to accept the notes of the United States in payment for the rent; for the reason that by the laws of congress such notes are cur-

Brundage *v.* Brundage.

rent money of this State. But if the rent is paid in such notes the plaintiff must pay enough to make the number of dollars paid equal in value to the same number of dollars money of Great Britain; for that is what the covenant in the lease binds him to do.

According to these views the plaintiff has not paid or tendered to the defendant a sufficient sum of money to discharge the rent. But he still owes the defendant the sum of thirty dollars for rent, if the amount be ascertained so as to be paid in the notes of the United States.

It follows that the plaintiff is not entitled to any judgment or relief in this action; but that his complaint should be dismissed, with costs to the defendant.

So decided.

[ADJOURNED DELAWARE SPECIAL TERM, November 22, 1872. *Balcom,* Justice.]