(65 App. Div. 146.)

### KELLY v. THEISS et al.

(Supreme Court, Appellate Division, First Department.  November 8, 1901.)

1. INDORSERS—LIABILITY—DUE NOTICE.
    The obligation of an indorser on a note is dependent on due presentment to the maker and prompt notification of his failure to pay.

2. SAME—EVIDENCE.
    In an action against indorsers of a note, plaintiff's statement, made in their absence, when she demanded the indorsement, that the maker's property had been turned over to the indorsers, is not evidence of that fact as against them.

Appeal from trial term, New York county.

Action by Bridget M. Kelly against Alice M. Theiss and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James A. Douglas, for appellants.

Arthur J. Westermayr, for respondent.

INGRAHAM, J.  The action was brought against the defendants (appellants) as indorsers on a promissory note made by G. Theiss & Bro., dated June 6, 1896, whereby, four months after date, the makers promised to pay to the order of the plaintiff $1,500, at 134 and 136 East Fourteenth street, New York City.  The complaint alleges that immediately after the making of the note, these appellants, Alice M. Theiss and Katie Theiss, in order to induce the plaintiff to extend the credit of the defendants George Theiss and John Henry Theiss, and to accept said note in payment of a preexisting debt for value, "did indorse said note, and become surety for the payment of said note at maturity thereof, and the defendants did deliver said note so indorsed to the plaintiff, for value"; that the note was duly presented for payment at maturity thereof at the place where the same was made payable, and payment thereof was duly demanded, which was refused, and said note was duly protested, and due notice of said demand and nonpayment was sent to the defendants.  This allegation was denied by the answer.  The plaintiff testified that she held a note of the makers of the note in suit; that when this note became due she went to Fourteenth street, to see if she could get her interest.  She told the makers that she would put the note to protest "if I could not get the ladies' indorsements.  * * *  They asked me why I asked for that.  I says, 'I was told that the property has been all turned over to your wives, and I want to get secured for my little bit of money that is in the property.'"  She further testified that at a subsequent inter-

view the makers told her, in the presence of the appellants, that they would make a new note, and the appellants would indorse it; and that the note in suit was then drawn up, signed by the makers, indorsed by the appellants, and delivered to plaintiff, who then surrendered the note held by her. There is no doubt but that the appellants thereby induced the plaintiff to give credit to the makers of the note, and that they would have been liable if the note had been presented for payment when due and notice of nonpayment given to the appellants. The plaintiff testified that she made a personal demand when the note became due, and the note was not paid; but no notice thereof seems to have been given to the indorsers. The note became due October 6th, and on October 14th the note was protested for nonpayment, and notice thereof given to the appellants. The appellants then moved to dismiss on the ground that notice was not sent to the defendants until five days after the note was due; that it was not shown that the note was presented within the time required by law, or that the indorsers received the proper notice. This motion was denied, and the defendants excepted. The court submitted the question to the jury to determine whether or not the indorsement of this note by these two appellants was given to the plaintiff with the understanding that the makers of the note were to have further credit; that, if these facts were established by the testimony, the plaintiff was entitled to recover the amount claimed.

I think that these appellants were discharged by the failure to present the note for payment at the time it became due and to give notice thereof to the indorsers. The obligation of an indorser on a promissory note is not absolute. It is conditioned upon the holder's presenting the note to the maker when due, and, upon the failure of the maker to pay it, promptly notifying the indorser that the note is unpaid. This principle is elementary, and does not require the citation of authorities to support it. Daniel on Negotiable Instruments (section 1039) states the rule that the notice of dishonor must be sent by the first mail after the day of dishonor is past.

In Smith v. Poillon, 87 N. Y. 590, 41 Am. Rep. 402, after an examination of the authorities, the court say:

"Other authorities lay down the rule, in general terms, that the notice must be posted by the first practical and convenient mail of the next day; and that rule seems to be supported by the most authority in this state."

In Carroll v. Sweet, 128 N. Y. 19, 37 N. E. 763, 13 L. R. A. 43, it is said:

"Presentment in due time, as fixed by the law merchant, was a condition upon performance of which the liability of the defendant as indorser depended; and this delay was not excused although the drawer of the check had no funds, or was insolvent, or because presentment would have been unavailing as a means of procuring payment."

By the failure, therefore, of the plaintiff to give notice of the dishonor of the note to the indorsers, they were discharged. There is no evidence to sustain the allegation that these appellants were joint makers of the note, or became liable to the payee in any other way than as indorsers. Nor is there any evidence that the makers of

the note had transferred all of their property to the appellants.. The only evidence as to these appellants receiving any property was that the plaintiff stated to the makers, when she asked for the indorsement of the appellants, that there had been some talk that the property had been turned over to the wives of the makers of the note. The statement of what the plaintiff said to others in the absence of these appellants was certainly not evidence of the fact as against them; nor was that fact alleged in the complaint as an excuse for a failure to give the notice which the law requires. I think, upon the undisputed facts, these appellants were not liable, and it was error to refuse to dismiss the complaint.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.