VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

BRIDGET M. KELLY, Appellant, *v.* ALICE M. THEISS and KATIE THEISS, Respondents.

*Appeal — it lies from the judgment, not from the order, dismissing a complaint — oral notice of dishonor of a note — an allegation that it " was sent" is not inconsistent with oral notice.*

An appeal will not lie from an order dismissing a complaint. The proper practice is to appeal from the judgment entered upon such order.

An oral notice of the dishonor of a promissory note, given personally or through an agent, is sufficient to charge the indorsers thereof.

A complaint in an action brought to charge such indorsers, which alleges that "said note was duly protested and due notice of said demand and non-payment was sent to the defendants above named, and that the cost of said protest was $1.25," is sufficient to authorize the admission of proof of an oral notice of dishonor.

APPEAL by the plaintiff, Bridget M. Kelly, from a judgment of the Supreme Court bearing date the 24th day of March, 1902, and entered in the office of the clerk of the county of New York, upon an order of the Supreme Court made at the New York Trial Term,

which order was entered in said clerk's office on the 24th day of March, 1902, dismissing the complaint, and also from the order upon which the said judgment was entered.

*Charles W. McCandless,* for the appellant.

*James A. Douglas,* for the respondents.

O'BRIEN, J.:

There is no practice which sanctions an appeal from the order and it may, therefore, be dismissed — the questions to be considered arising upon the appeal from the judgment.

In this action it was sought to charge the defendants as indorsers of a promissory note; and the facts connected with the making and delivery thereof having been stated upon the former appeal (*Kelly* v. *Theiss,* 65 App. Div. 146) need not be here repeated. The sole question presented is whether or not under the complaint the plaintiff may prove the giving of oral notice of dishonor to defendants personally or through an agent. We do not understand that it is seriously contended that an oral notice would be insufficient whether given personally or through an agent; but if authority is needed for such a proposition, it can be found in abundance in text books, cases and the Negotiable Instruments Law itself. (4 Am. & Eng. Ency. of Law [2d ed.], 414; *Cuyler* v. *Stevens,* 4 Wend. 566; *Woodin* v. *Foster,* 16 Barb. 146; 2 Danl. Neg. Inst. [4th ed.] § 972; Neg. Inst. Law [Laws of 1897, chap. 612], §§ 162, 167.)

Our inquiry is thus narrowed down to the question whether or not the learned trial judge was right in his ruling excluding such evidence upon the ground that plaintiff had pleaded a written notice. The complaint alleged that "said note was duly protested and due notice of said demand and non-payment was sent to the defendants above named and that the cost of said protest was $1.25."

The construction given to the language was that it imported that a written notice was sent. We think that this is giving too narrow and too restricted a meaning to the word "sent," it being evident that one can send a notice either verbally or in writing. Stress, however, is placed upon the fact that after the statement that notice was sent appears the language about the cost of protest. Here again, we think undue weight is given to the words referring to the cost of protest, after the statement of the sending of notice.

The first thing in the order of time would be to have the note protested which would result in the cost alleged of one dollar and twenty-five cents. After such protest, the form of the notice, whether verbal or written, was at the option of the holder of the note.

We think, therefore, that, under the allegations, it was entirely competent for the plaintiff to prove either written or oral notice and that the court was in error in excluding proof of the latter upon the ground that a written notice was alleged.

It follows, accordingly, that the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Van Brunt, P. J., Ingraham, McLaughlin and Hatch, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event; appeal from order dismissed.

---

Almira G. Fisk and Henry B. Kinghorn, as Administrators, etc., of Henry G. Fisk, Deceased, Appellants, *v.* Fisk, Clark & Flagg and Others, Respondents.

*Firm name — right of an assignee acquiring the good will from the legal representatives of the last surviving partner — action to restrain a corporation from adopting such firm name in its corporate title.*

Although the personal representatives of the last survivor of a firm cannot assign the firm name, as such, the good will of the firm, which is assignable by them, includes the right of the purchaser to advertise and hold himself out to the public thereafter as the successor to the property and business of the extinct firm, and where a projected sale of such good will has not been consummated because a corporation has appropriated the firm name for its corporate title, a court of equity will intervene to restrain the corporation from making further use of the firm name.

Van Brunt, P. J., and McLaughlin, J., dissented.

Appeal by the plaintiffs, Almira G. Fisk and another, as administrators, etc., of Henry G. Fisk, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 7th day of July, 1902, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint.