### KELLY v. THEISS et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. APPEAL FROM ORDER—DISMISSAL OF COMPLAINT.

> Where the questions to be considered on an appeal arise on the appeal from the judgment, an appeal from an order dismissing the complaint is unwarranted.

2. BILLS AND NOTES—ORAL NOTICE OF PROTEST.

> A notice of protest of a note to an indorser need not be given in writing, but is sufficient if given orally.

3. SAME—COMPLAINT—VARIANCE.

> Where a complaint alleged that the note sued on "was duly protested, and due notice of demand and nonpayment was sent to the defendants above named, and that the cost of protest was $1.25," such allegation did not necessarily import the giving of a written notice of protest, and authorized proof of an oral notice.

Appeal from trial term, New York county.

Action by Bridget M. Kelly against Alice M. Theiss and another. From a judgment in favor of defendants, and from an order dismissing the complaint, plaintiff appeals. Appeal from the order dismissed. Judgment reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles M. W. Candless, for appellant.
James A. Douglas, for respondents.

O'BRIEN, J. There is no practice which sanctions an appeal from the order, and it may therefore be dismissed; the questions to be considered arising upon the appeal from the judgment.

In this action it was sought to charge the defendants as indorsers of a promissory note, and the facts connected with the making and delivery thereof, having been stated upon the former appeal (Kelly v. Theiss, 65 App. Div. 146, 72 N. Y. Supp. 467), need not be here repeated. The sole question presented is whether or not, under the complaint, the plaintiff may prove the giving of oral notice of dishonor to defendants personally or through an agent. We do not understand that it is seriously contended that an oral notice would be insufficient, whether given personally or through an agent; but, if authority is needed for such a proposition, it can be found in abundance in text-books, cases, and the negotiable instruments law itself. 4 Am. & Eng. Enc. Law, p. 414; Cuyler v. Stevens, 4 Wend. 566; Woodin v. Foster, 16 Barb. 146; 2 Daniels, Bills & N. p. 33, § 972; Negotiable Instruments Law, §§ 162, 167.

Our inquiry is thus narrowed down to whether or not the learned trial judge was right in his ruling excluding such evidence upon the ground that plaintiff had pleaded a written notice. The complaint alleged that "said note was duly protested, and due notice of said demand and nonpayment was sent to the defendants above named, and that the cost of said protest was $1.25." The construction given to the language was that it imported that a written notice was sent.

¶ 2. See Bills and Notes, vol. 7, Cent. Dig. §§ 1129, 1143.

We think that this is giving too narrow and too restricted a meaning to the word "sent," it being evident that one can send a notice either verbally or in writing. Stress, however, is placed upon the fact that, after the statement that notice was sent, appears the language about the cost of protest. Here, again, we think undue weight is given to the words referring to the cost of protest, after the statement of the sending of notice. The first thing in the order of time would be to have the note protested, which would result in the cost alleged of $1.25. After such protest, the form of the notice, whether verbal or written, was at the option of the holder of the note. We think, therefore, that, under the allegations, it was entirely competent for the plaintiff to prove either written or oral notice, and that the court was in error in excluding proof of the latter upon the ground that a written notice was alleged.

It follows, accordingly, that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.