## L. J. Anshèn Company, Defendant in Error, v. Sol. A. Iglowitz, Plaintiff in Error.

### Gen. No. 22,220.

BILLS AND NOTES, § 86*—*when one signing name on back of note not a guarantor.* One, not otherwise a party to a negotiable promissory note, who had placed his name on the back thereof, *held* not a guarantor but an indorser, so that notice to him of presentment for payment and dishonor was necessary to hold him liable thereon.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in this court at the March term, 1916. Reversed and judgment of *nil capiat* here. Opinion filed December 18, 1916.

BERNARD J. BROWN, for plaintiff in error.

FRANKLIN N. WOOD and WILLIAM G. LESEMANN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This writ of error presents for review the proceedings which culminated in a judgment for $153.12 entered on the verdict of a jury instructed by the trial judge.

The action is based upon a note for $150, in which one S. Myers was the maker, plaintiff the payee, and on the back of which note defendant placed his name.

The real question presented for our decision is whether the liability of defendant is that of guarantor or indorser. The learned trial judge instructed a verdict upon the legal theory that defendant was a guarantor and primarily liable and was not entitled to notice of nonpayment by the maker. By the law merchant such was the liability of defendant, but the liability of defendant is controlled and environed, as we think, by the Negotiable Instruments Act in force July

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1, 1907, and embodied in the statutes of this State as chapter 98 (J. & A. ¶ 7618 *et seq.*).  The precise question here presented has not so far been decided by our Supreme Court; at least we have not been referred to any such decision, and an independent search on our part has failed to disclose any.

Plaintiff introduced in evidence a protest of the note for nonpayment after a demand made for payment at the Continental and Commercial National Bank at Chicago, and as the note was by its terms payable at any bank in Chicago, such demand was sufficient.  Protest by section 135 (J. & A. ¶ 7757) of the Negotiable Instruments Act, *supra*, is required only of foreign bills.  There is no proof in the record that either a written or verbal notice of nonpayment by the maker was at any time given to defendant.

By section 81, ch. 98, *supra* (J. & A. ¶ 7702), defendant is an indorser of the note in suit.  This section reads: ''A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicated, by appropriate words, his intention to be bound in some other capacity''; and by the succeeding section (J. & A. ¶ 7703) it is provided that, ''Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as an indorser  *  *  *.''  And by section 88 (J. & A. ¶ 7710) presentment for payment is necessary in order to charge an indorser.  By section 106 (J. & A. ¶ 7728) it is provided that ''*  *  *  when a negotiable instrument has been dishonored by nonacceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged.''  It is also provided in the act that such notice may be waived by a stipulation in the instrument sued on, which will bind all parties, but where such waiver is written above the signature of an in-

dorser, it binds only such indorser. A waiver may be either expressed or implied. By section 209 (J. & A. ¶ 7831) it is provided that, "The person 'primarily' liable on an instrument is the person who, by the terms of the instrument, is absolutely required to pay the same. All other parties are 'secondarily' liable."

We are of the opinion that under the Negotiable Instruments Act, *supra*, defendant is an indorser of the note in suit and secondarily liable thereon as such. The sections of the Negotiable Instruments Act, *supra*, are the same as those contained in the code of the State of New York, and there being no decisions of our own Supreme Court construing the several sections here involved, we will have recourse to the decisions of the courts of New York which appeal to us as correct interpretations of the effect to be given in law to such sections.

In *J. W. O'Bannon Co. v. Curran,* 129 N. Y. App. Div. 90, 113 N. Y. Supp. 359, the court say in regard to an irregular indorsement by a party not otherwise liable on the note:

"Prior to the enactment of the negotiable instrument law * * * it was held that an indorser of a note * * * was not discharged by an omission to demand payment and to give notice of nonpayment, where such omission could not possibly operate to his injury. * * * The negotiable instruments law, however, provides that due presentment and notice of dishonor are necessary to charge an indorser." *First Nat. Bank of Binghamton v. Baker,* 163 N. Y. App. Div. 72, 148 N. Y. Supp. 373; *Carroll v. Sweet,* 128 N. Y. 19; *Kelly v. Theiss,* 65 N. Y. App. Div. 146, 72 N. Y. Supp. 467.

We therefore hold that defendant, under the law of this State as it now exists, was an indorser of the note in suit, and that, to hold him liable as such indorser, notice to him of presentment for payment and dishonor was necessary; that the failure to give such

notice discharged him from all liability as such indorser.

As no cause of action exists against defendant as an indorser of the note in suit, the judgment of the Municipal Court is reversed and a judgment of *nil capiat* and for costs entered in this court.

*Reversed and judgment of nil capiat here.*